ENTERED
RECEIVED

JAN 2 4 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**NORTHERN DIVISION**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. | ) |
| | ) |
| | ) Civil No. **H-02-1426** |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| JAM JO, INC. | ) |
| dba STINGER'S SPORTS BAR & RESTAURANT | ) |
| *et al.* | ) |
| | ) |
| Defendants | ) |

## PRE-TRIAL ORDER

The Plaintiff, Joe Hand Promotions, Inc., and the Defendants, Jam Jo, Inc., James Boyer and Joan Boyer, by their respective counsel, submit this proposed Pre-Trial Order pursuant to Local Rule 106 and the Court's Scheduling Order.

a. **Statement of Facts - Plaintiff**: The Plaintiff intends to prove that the Defendants, Jam Jo, Inc., James Boyer and Joan Boyer, unlawfully received and exhibited a pay-per-view broadcast in violation of 47 U.S.C. § 553 and/or 47 U.S.C. § 605; that the Plaintiff became the holder of an exclusive license to distribute to commercial establishments the boxing match between Mike Tyson and Lou Savarese, including the undercard and other contents of the broadcast, for the State of Maryland as well as other states; that the Plaintiff's license included all cable television and satellite distribution; the match took place on June 24, 2000 and was



broadcast on that date over satellite TV systems and cable TV systems; that the only way that a commercial establishment could lawfully receive and/or show the broadcast was to have prior contractual agreement with the Plaintiff for a license; that the signal was broadcast in a scrambled format so that a commercial establishment could not receive it through its regular cable TV service or satellite service; that James Boyer and Joan Boyer are the shareholders of the corporate defendant and were present on the premises on June 24, 2000 when the event was shown; that on June 24, 2000, the Defendants, doing business as Stingers Sports Bar & Restaurant, a restaurant and bar, received and showed the Tyson-Savarese broadcast without contractual authorization from the Plaintiff; that the Defendants had six television sets, at least two of which were showing the Tyson-Savarese broadcast for its patrons to view; that approximately 25 patrons were in Stingers during the broadcast; that the Defendants had satellite television service and did not order the event through the Plaintiff.

    b. **Statement of Facts - Defendants**: It has not been established or proven that the Defendants had satellite television service on the day of the alleged fight. Even if they did, it would not provide service for the "Event." In Answers to Interrogatories No. 16 the Defendant states that satellite service was installed sometime since January 24, 2000. It is the Defendant's contention that this equipment [was] installed after the June 24, 2000 fight, not before. Furthermore, the Defendants state that no telecast of the event was shown at any time nor was

there any equipment in place that would allow for the transmission.

    c. **Counterclaim, Cross-Claim, or Third-Party Claim**: None.

    d. **Amendments of Pleadings**: None.

    e. **Abandoned Issue in Pleadings**: None.

    f. **Stipulations**:

Requested by Plaintiff:

    1. That Defendant, Jam Jo, Inc., was on June 24, 2000, a Maryland corporation, and was then doing business as Stingers Sports Bar and Restaurant, located at 6900 Belair Road, Baltimore County, Maryland.

    2. That Defendant, Jam Jo, In., is still a Maryland corporation.

    3. That Defendants, James Boyer and Joan Boyer, were the only shareholders in Jam Jo, Inc. on June 24, 2000 and are now.

    4. That Jam Jo, Inc., James Boyer and Joan Boyer held a beer, wine and liquor license for the establishment known as Stingers Sports Bar and Restaurant on June 24, 2000.

    5. That James Boyer and Joan Boyer owned the real estate whereon the business of Stingers Sports Bar and Restaurant was conducted on June 24, 2000.

    6. That James Boyer and Joan Boyer were managing the establishment known as Stingers Sports Bar and Restaurant on June 24, 2000, and were present in the establishment between 9 p.m. and 11 p.m. on that date.

    7. That the lawful capacity for patrons on the first floor of Stingers

Sports Bar and Restaurant was over 50 as of June 24, 2000, as authorized by the Baltimore County Fire Department.

8. That June 24, 2000 was a Saturday.

9. That on June 24, 2000, Stingers Sports Bar and Restaurant was open for business, including the hours from 9 p.m. through 11 p.m..

10. That on June 24, 2000, Stingers Sports Bar and Restaurant had six television sets for viewing by its patrons.

11. That on June 24, 2000, the TV sets in Stingers Sports Bar and Restaurant were connected to a satellite for television signal reception.

12. That the Defendants never contracted for, never obtained authority for, and never paid for the Tyson-Savarese broadcast.

Requested by Defendants:

1. That the Plaintiffs have refused and/or have otherwise failed to produce for deposition, Charles Gruber, an investigator who allegedly observed the "Event" being transmitted in the Defendant's establishment. Without this testimony, the Plaintiffs have no cause of action against the Defendants and that the Complaint be dismissed.

g. **Damages**: The Plaintiff claims statutory damages of $10,000 and additional statutory damages of $50,000 for willfulness.

h. **Exhibits by Plaintiff**:

1. The Plaintiffs closed-circuit license agreement with Showtime Networks, Inc.

     2. Baltimore County Fire Department's certificate for authorized capacity for Stingers Sports bar and Restaurant.

     3. Checklist made by Charles Gruber.

     4. Photographs of exterior of Stingers.

**Exhibits by Defendant:**

None, other than those to be used solely for impeachment purposes.

i. **Witnesses by Plaintiff:**

     1. Joseph Hand, Jr., 407 East Pennsylvania Avenue, Feasterville, PA 19053.

     2. Alan Gelb, Esquire, 204 South Kings Highway, Cherry Hill, NJ 08034.

     3. Charles Gruber, whose address is believed to be 5 Bexleigh Court, Baltimore, Maryland 21234.

**Witnesses by Defendants:**

     1. James and Joan Boyer.

     2. Matthew Nakich.

j. **Deposition Pages and/or Lines to be Offered:**

The parties may take depositions and the pages to be offered would be reported as soon as possible.

k. **Other Pre-Trial Relief:** The Plaintiff suggests that discovery be extended to take depositions. The Defendants' counsel had said that he wanted to depose the Plaintiff's auditor who witnessed the Event being displayed in the Defendants'

establishment, in part to consider his testimony for settlement evaluation. The Plaintiff answered interrogatories on October 22, 2002, identifying the auditor, but did not have contact information for the auditor at that time. The address that the Plaintiff had turned out to be no longer valid. The Plaintiff's counsel told the Defendant's counsel that Plaintiff would try to locate the auditor but his location was not then known to the Plaintiff. At the same time, the Plaintiff's counsel said that he would wait until the Defendants had answered interrogatories and taken the auditor's deposition before deposing the Defendants because the auditor's testimony might lead to a settlement and the parties could save costs. Unfortunately, the Plaintiff only recently determined an address for the auditor and furnished it to the Defendants' counsel on January 17, 2003. The Plaintiff did not receive the Defendants' answers to interrogatories until January 15, 2003. The Plaintiff did not have the auditor's address, did not withhold it, and thus should not be precluded from offering the auditor's testimony. However, it would be fair to allow the Defendants to depose him and to let the Plaintiff depose the Defendants. [This statement is made by the Plaintiff while the Defendants' counsel is out of town and it is impossible to put his comments in here at this time. Plaintiff expects that Defendants counsel will not be prejudiced to state his position on this request for relief at the Pre-Trial hearing.]

    I. **Other Matters**: None.

_____
Gerald J. O'Brien
Federal Bar # 1160
9055 Comprint Court, Suite 340
Gaithersburg, MD 20877-1310
(301) 208-9114 (TELEPHONE)
(301) 208-0352 (FACSIMILE)
Attorney for Plaintiff


_____
Daniel J. Dreiger, Jr.
(With permission, by G.J. O'Brien)
Azrael, Gann & Franz, LLP
101 E. Chesapeake Avenue
Fifth Floor
Towson, Maryland 21286
410-821-6800
Attorneys for Defendants


APPROVED as of this 24th day of January, 2003.

_____
Alexander Harvey, II
Senior United States District Judge

c:\Corwin-Pleadings\Stingers.pre-trial.order